91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Janet C. SHAFER, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 95-5585.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1996.
 
 Before: KENNEDY and NORRIS, Circuit Judges, MATIA, District Judge.*
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Plaintiff Janet C. Shafer appeals from the district court's decision granting defendant, General Motors Corporation, a judgment as a matter of law. She had instituted the present products liability action in Tennessee state court after being injured in an accident involving an automobile manufactured by General Motors. Defendant removed the action to federal district court based upon diversity of citizenship.
 
 
 2
 The issue before us on appeal is a narrow evidentiary one involving the trial court's ruling that a recall notice issued by General Motors could not be introduced into evidence. Plaintiff concedes that without the introduction of this notice she fails to establish that the automobile in question, a 1990 Chevrolet Corsica, left the control of defendant in a defective condition. We now affirm the district court's decision excluding the recall notice and, by extension, affirm the decision granting General Motors a judgment as a matter of law.
 
 
 3
 Although the trial court enumerated three evidentiary theories that it believed justified the exclusion of the recall notice, we rest our decision on its conclusion that the proffered evidence was irrelevant, a decision we review for abuse of discretion. Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573, 587 (6th Cir.1994). Under Fed.R.Evid. 401, evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." While the actual wording of the recall notice warns that some 1990 Chevrolet Corsica automobiles had experienced problems with front shoulder belt retractors, expert testimony offered by defendant established that the notice was generated on the basis of a potential defect involving a "fractured pendulum base." Our review of the record reveals nothing to indicate that this defect was present in the shoulder restraint system of plaintiff's automobile. Thus, the introduction of the recall notice, a document that concerns a potential design flaw other than the one that proximately caused plaintiff's injury, would not have made the determination of the ultimate issue of liability any more or less probable.
 
 
 4
 Inasmuch as plaintiff concedes that the determination of this evidentiary point will govern the propriety of the judgment as a matter of law, we affirm the district court's decision to direct a verdict for defendant.
 
 
 5
 The judgment is hereby affirmed.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation